JOHN B. FISER *v.* THE MISSISSIPPI AND TENNESSEE RAILROAD COMPANY.

1. CORPORATION: POWERS OF: CONTRACTS NOT IN CONFORMITY TO ITS CHARTER VOID. —A corporation can exercise no powers and make no contracts, except such as are authorized by its charter, and in the mode therein prescribed; and hence a contract of subscription for shares in its capital stock, is void unless payment be made by the subscriber of the per centum on the amount subscribed by him, in pursuance of the provisions of the charter. 5 S. & M. 537; 13 Ib. 538.

2. SAME.—Where the charter of a corporation requires the payment by a subscriber for stock, of a certain amount on each share, subscribed by him at the time of subscription, a payment subsequent to the act of subscription, but before any calls have been made for the balance of the stock, will be an affirmance of the previous subscription and a substantial compliance with the provisions of the charter.

3. PLEADING: DEPARTURE IS NOT ALLOWABLE.—The plaintiff must not depart from, but sustain and fortify by his replication, the case made in the declaration; when, therefore, the declaration alleged that the defendant had subscribed for certain shares of stock in the plantiff's company, and at the time of subscription had paid the per centum thereon, as required by their charter, and the defendant denied by his plea that he had paid the per centum at the time of his subscription as alleged, a replication by the plaintiff, that after the subscription, but before any calls were made on the capital stock, the defendant had paid the per centum required, will be a departure from the declaration and bad on demurrer.

4. PLEADING: EFFECT OF AVERMENT THAT AN ACT WAS DONE "ACCORDING TO LAW." —An averment in the declaration, that the defendant subscribed for certain shares in the capital stock of plaintiff's company "according to the statute incorporating the company," will be held in general demurrer, to mean that he had done everything required by the charter in order to become a subscriber.

IN error from the Circuit Court of Panola county.    Hon. P. T. Scruggs, judge.

*Watson* and *Craft*, for plaintiff in error.

The questions which we desire to submit in this case, may be considered as fully raised by the demurrer of the defendant below to the replication filed by plaintiff to his special plea.

We insist in the first place that the complaint is bad, and that the demurrer reaches back to it. The complaint shows no sufficient cause of action. Defendant is sought to be charged as a delinquent stockholder, and it is alleged that he subscribed for stock; but there is no averment that *at the time of subscribing he paid the sum of fifty cents on each share so subscribed.* The charter is imperative that such a payment shall be made, and the relation of stockholder cannot subsist without it. Without it there is no contract upon which an action can be founded. Angell & Ames on Corp. 540, 541; 11 Johnson, 98; 3 San. Ch. R. 494; 1 Caines, (N. Y.) R. 381.

The Mississippi and Tennessee Railroad Company was incorporated by an Act of the Mississippi legislature passed at the

Called Session of 1852, and approved October, 16th, 1852. Acts Called Session, 1852, p. 30.

By the 5th section of the charter it is provided : " That upon every subscription for stock there shall be paid at the time of subscribing, to the person or persons authorized by the commissioners, or a majority of those who may act, to open said books, the sum of fifty cents on each share subscribed ; and the residue thereof shall be paid in such instalments and at such times as may be required by the president and directors of said company, to the treasurer thereof."

The relation of stockholder could only be established between the corporation and defendant by the contract of subscription, and the payment of the sum of fifty cents on each share subscribed, at the time, because this was the mode of contracting to which by the charter, the corporation was expressly restricted. The cause of action against defendant could only arise out of this contract; and it was necessary that the complainant should show a cause of action, under the charter, in his complaint.

As a corporation, the plaintiff is a mere creation of the Act to which it owes itse xistence. Unlike a natural person it " lives, moves, and has its being," only by legislation, and derives all its powers, and all the rules for its exercise of those powers, from the letter of the law. Whatever the corporation may do outside of the charter, or in violation of its provisions and requirements, must be null and void from the very nature and character of the corporation's artificial existence—as much so as if the corporation had never been created. *Head and Armory* v. *Providence Ins. Co.*, 2 Cranch, 127 ; 13 Peters, 519.

" Where a corporation relies upon a grant of power from the legislature for authority to do an act, it is as much restricted to the *mode* prescribed by the statute or charter for its exercise, as to the thing allowed to be done." Angell & Ames on Corp. 97 ; § 111, *Farmers Loan & Trust Co.* v. *Carroll*, 5 Barb. 613 ; 8 Serg. & Rawle, 219.

We say, therefore, that the complaint is bad, as showing no cause of action ; and our demurrer should have been sustained as a demurrer to the complaint.

If it should be held, however, that the complaint is sufficient, then our demurrer to the replication should have been sustained upon both the grounds assigned.    These grounds are:—

1. That signing an agreement to subscribe for stock, and *subsequently*, although before the calls for instalments were made, paying the sum of fifty cents on each of the shares, so agreed to be subscribed, did not constitute defendant a stockholder.

This court has adhered, as a settled rule, to a strict and literal construction of statutes, and has said:—

" It has been our course to adhere to the plain provisions of our statutes, because they are guides, as well for the courts as for the country.  The courts have no dispensing power over them.  Where they contain no exceptions, the courts can make none.  If they are too rigid in their terms, the remedy is with the legislature." *Box* v. *Stanford,* 13 S. & M. 96.

The application of this rule is decisive of this ground of the demurrer.    The clause of the charter of the Mississippi and Tennessee Railroad Company, which we have quoted, contains a positive requirement, that each individual subscribing for stock, shall, at the time of subscribing, pay the sum of fifty cents on each share.    This provision of the charter amounts, in effect, to a declaration prohibiting any one from becoming a subscriber without paying the required amount *at the time.*    Two things are necessary to constitute a stockholder, viz : a subscription, or some act equivalent, and the payment at the time, of the sum of fifty cents on each share.    Blackwell on Tax Titles, 72-78, and authorities cited.

The mere signing of an agreement then to subscribe was a nullity, and conferred no rights and imposed no obligations upon either plaintiff or defendant.    This has been so expressly decided by this court in the construction of a similar restrictive clause in a bank charter.  *Hayne* v. *Beauchamp,* 5 S. & M. 515 ; *Lewis* v. *Robertson,* 13 Ib. 558 ; and in the construction of this identical clause of a railroad charter, in the case of *B. S. Bank* v. *Mississippi and Tennessee Railroad Company,* in which no opinion was delivered, but in which this was the only question involved.

The case of *Hayne* v. *Beauchamp,* was decided in 1846, and

the act incorporating plaintiff was passed in 1852. The restrictive clause was inserted in the act incorporating plaintiff then, with the construction of this court fixed upon it; for the inflexible rule is: "Words and phrases, the meaning of which, in a statute, has been ascertained, are, when used in a subsequent statute, to be understood in the same sense." 1 Tucker's Commentaries, 13; 9 How. S. C. (U. S.) R. 258-260.

If then defendant had never paid "the sum of fifty cents on each share" at all, it is clear that his subscription would have been held, under the former adjudications of this court, to be utterly void. *Hibernia Turnpike Co.* v. *Henderson*, 8 Serg. & Rawle,. 219; *Napier et al.* v. *Poe et al.*, 12 Georgia Rep. 184; 14 Serg. & Rawle, 434; 1 Caines, Cases in Error, 86; 21 Wendell, 220.

Did the subsequent payment, before the call for the instalments sued for, constitute defendant a stockholder; or, in other words, ratify and render valid the subscription, which, for want of the payment, was, at the time when it was made, wholly void?

It is well-settled, that when an original contract is illegal, any subsequent contract which carries it into effect is also illegal. *Adams* v. *Rowan*, 8 S. & M. 624.

But it is impossible, under the act incorporating plaintiff, to connect the subscription and the subsequent payment. Both the subscription *and the payment at the time of subscribing*, are necessary to constitute the contract. If the subscription was void because the payment was not made at the time, then, by parity of reasoning, the payment subsequently made could not create a contract.

This question was decided in the case of *Hayne* v. *Beauchamp*, and it was then held by the court, that no particular mode of subscribing being prescribed, the payment might of itself, under proper circumstances, constitute the party paying a stockholder to the extent of the payment, but that it could not be connected with a former subscription. The subscription and the payment must be contemporaneous. *Ita lex scripta est*, and the court will not attempt to exercise a dispensing power. 12 Georgia Rep., before cited.

But should it be held, contrary to our confident belief, that this

ground of demurrrer was not well taken, we submit, that upon the other ground stated, it should have been sustained, viz :—

2. The replication was a departure from the complaint, setting up as it did, a wholly different cause of action.

If the subsequent payment was good, under the charter, it constituted defendant a stockholder at the time when it was made, and not at the date of the subscription. It was upon the replication, and not the complaint that plaintiff recovered.

If it shall be held, that the replication shows a sufficient cause of action, the demurrer should, nevertheless, be sustained, on the ground of departure, and plaintiff allowed to amend his complaint. 2 Cushm. 131, 132, 133.

We insist upon this only as involving the costs in this court, in the event of the subsequent payments being held to be good, and amounting to a compliance with the charter.

We rely however confidently upon the previous adjudications of this court as settling the case in our favor.

*H. W. Walter*, for defendant in error.

The case is this : plaintiff in error subscribed for capital stock of the defendant in error, on one day, and shortly thereafter and before the calls on the stock were made, paid the fifty cents on each share required to be paid at the time of subscribing. Is he a stockholder? In other words, was his subscription *void* or voidable? We insist that it was voidable only, and capable of subsequent ratification.

Suppose plaintiff in error had subscribed at one time, and at a subsequent time paid the one per cent. in good faith—had subsequently become an officer of the company—had paid his subscription in full, and received his certificate of stock—can it be insisted that all his acts and his certificate of stock were void? Would not we, the company, and the world be estopped from denying to him the character of a stockholder? If, therefore, he would be a stockholder from all these acts, his original subscription must have been voidable only, not void. How many acts would make valid his voidable contract? Certainly nothing more than for him to comply with what the statute requires, viz : the payment of the

one per cent. This view of the case is fully sustained in the case of the *Selma and Tennessee Railroad Company* v. *Tipton*, 5 Ala. R. 787.

Further, it will not be questioned, that even a contract for the sale of land, not reduced to writing, and which by express statute is declared void for want of writing, may be made binding on the vendor, when he afterward comes forward and executes a writing in which he recites the original contract, and agrees to perform it. The truth is, no court would hesitate to enforce such a contract. Had Stanford given to Box (see *Stanford* v. *Box*, 13 S. & M. 93, cited by counsel,) such an instrument, the latter would have held his land.

The section of the charter under discussion is but a directory or declaratory law. It is not prohibitory—it is not penal. The failure to pay the one per cent. is not *malum in se*, but is solely a matter of indifference in itself, but required to be done by the statute before certain benefits can be enjoyed.

The parties do not comply with all the requisites of this declaration, or directory statute at once, but before any rights are claimed or asserted, the whole statute is complied with, and an act which would have been void without a full compliance, has been made valid by a compliance not full at first but made so before any rights are attempted to be asserted; as in the case of the contract for sale of land, the law declares that contract void for want of writing, and yet, when a subsequent memorandum is given, the law requires its fulfilment.

We insist that all action under a mere declaratory or directory statute, not fully in accordance with the statute, can be subsequently made good by the compliance with the provisions of the statute. Were the act against public policy or *malum in se*, were the statute prohibitory or penal, then the matter would be different. At all events, by the subscription, the plaintiff in error was either a subscriber at the time of subscribing, or certainly at the time of payment. The contract for the sale of the land may be void because the memorandum in writing is not made at the time, but whenever it is made, the contract is good and binding. The subscription for stock may be void at the time when made for

want of the one per cent., but when the per cent. is paid, the original subscription is made valid, or at all events, he reacknowledges the subscription, and by paying the one per cent. makes it valid and binding from that time.   If binding only from the time of payment, then the judgment in the case at bar might be reversed, but plaintiff in the court below could amend and still have his judgment.

But we rely on the position that the subscription was a voidable and not a void act, and that plaintiff in error, by his subsequent payment of the one per cent. rendered his voidable act binding. This is clearly decided in the case of the *Selma and Tennessee Railroad Company* v. *Tipton*, 5 Ala. R. 787.   The cases that have held that a subscription without payment is void, proceed on the ground that there is no mutuality of contract.   *Hayne* v. *Beauchamp,* 5 S. & M. 515; *Hibernia Turnpike Co.* v. *Henderson,* 8 Serg. & R. 219.   But in the case at bar, Fiser paid and the company received his payment.   Could the company, after this, have denied him the privileges of a stockholder?   We submit not, as there was mutuality in the contract—Fiser being bound by the payment, and the company by its acceptance of the payment. This principle seems fully established in the following cases.   *Trustees of Philips Limerick Academy* v. *Davis,* 11 Mass. R., (per Sewell,) 118, 119; *Farmington Academy* v. *Allen,* 14 Mass. R. 172; 12 Ib. 190; *Vestry of Christ Church* v. *Simmons,* 2 Richardson, (S. C.) R. 368; *Religious Society* v. *John,* 7 Johns. R. 112. ·The cases of *Hayne* v. *Beauchamp* and *Hibernia Turnpike Co.* v. *Henderson,* are relied on with great confidence by counsel for plaintiff in error.   We do not intend to assail either, although they are opposed to decisions made in the case of *Union Turnpike Co.* v. *Jenkins,* 1 Caines, (N. Y.) R. 381; *Vermont Central Railroad Co.* v. *Clayes,* 21 Vt. R. 30; *Memphis and Charleston Railroad Co.* v. *Howard,* decided by the Supreme Court of Tennessee, but not reported.

We say we do not quarrel with the law of the cases in 5 S. & M., or 8 Serg. & R.   Those were cases where a subscription was made, but no payment was made at the time, and no subsequent act was done to ratify the subscription.   They were simply voidable acts, not sub-

sequently ratified by the parties. They do not touch the case at bar. It is true, that some loose and unguarded expressions are found in both cases not applicable to the *facts* of the case *i*before the court. There is no authority which goes so far as to declare, that the subscription in this case could not be made valid and binding; whilst there are authorities which hold that it may be rendered valid by the subsequent conduct of the parties. *Selma R. R. Co.*, 5 Ala. R. 787, where a case, similar to the one at bar, has been decided. The following cases sustain the same principle. 11 Mass. R. 118, 119; 12 Ib. 190; 14 Ib. 172; 2 Richardson, 368; 7 John. 112. The case *Blankhead* v. *Miss. Cen. R. R. Co.*, decided by this court, Opinion Book G. 351, holds that a subscription was good although the payment had been made before the subscription. If the subscription may be valid where the payment has been previously made, why not when the payment is subsequently made? The charter requires the payment of the one per cent. at the *time* of subscribing. If the subscription and the payment must concur *eo instanti*, then a payment before subscription would be worthless; and yet, this court has held such a subscription valid. Why not also hold that valid where the payment has been subsequently made? We call the attention of the court to the following cases, in support of the views in the foregoing brief, viz.: 9 Mass. R. 423; 2 Robinson's (La.) R. 209; Angel and Ames on Corporations, §§ 263, 521; *Balk* v. *Crandall*, 1 Sandford, Ch. R. 179.

*Geo. S. Yerger*, on same side.

HANDY, J., delivered the opinion of the court.

This action was brought to recover from the plaintiff in error, as a stockholder in the defendant's company, certain instalments of stock alleged to be due.

The declaration alleges, that the defendant below became a stockholder in the company, by subscription made on the 15th November, 1853, and was liable to pay the instalments sued for, which had been duly demanded. The defendant pleaded, First. *Non assumpsit.* Second. Admitting that he signed an agreement to subscribe for the shares of stock, but that he never did subscribe and pay at the time of subscribing, fifty cents on each share of

stock subscribed, as required by the charter of the plaintiff, or any amount; and that he never did at any time subscribe for stock, and at the same time, pay the sum of fifty cents, or any amount, on each share.    To this special plea, the plaintiff replied, that the defendant subscribed for the shares as alleged in the declaration, and afterwards, and before the calls were made for instalments of stock sued for, he paid the sum of fifty cents per share on the amount subscribed for.    The defendant demurred to this replication, and the judgment thereupon was for the plaintiff; and afterwards, a final judgment was rendered, on the trial, for the plaintiff.

The question raised by the demurrer, and now presented for decision is, whether the defendant's signing the subscription paper, the sum of fifty cents for each share subscribed for, not being paid at the time, but having been paid afterwards and before any calls for instalments of stock were made, constitutes a valid subscription either at the time of signing or at the time of paying the fifty cents per share.

The fifth section of the charter is as follows :  " That upon every subscription for stock, there shall be paid, at the time of subscribing, to the person or persons authorized, &c., the sum of fifty cents on each share subscribed; and the residue thereof shall be paid in such instalments, and at such times, as may be required by the president and directors," &c.

It has been heretofore held by this court, with reference to charters containing the same provisions, in effect, as this, that it is necessary that there should be, not only a subscription or some act equivalent to it, but a payment of the money, required to be paid by the charter, in order to constitute a stockholder ; and that the latter is a condition precedent to the right to become a stockholder, without the performance of which, the subscriber acquired no rights, and the corporation came under no obligation to him. *Hayne* v. *Beauchamp*, 5 S. & M. 537 ; *Lewis* v. *Robertson*, 13 S. & M. 538 ; *Miss. Cent. R. R. Co.* v. *Fant*, MS.    It is manifest that the payment of the money is the consideration to the right to become a stockholder, which the legislature, in granting the charter, has seen fit to require.    It is a rule of action which the corporation is imperatively required to observe, and which it has no

Fiser *v.* Mississippi and Tennessee R. R. Co.

power to waive, as its powers are all derived from, and restricted by, its charter. And in this consists the difference between this case, and that of a condition to be performed in a transaction between natural persons, the latter having all rights and powers not prohibited by law, and the corporation having such powers only as are conferred by its charter. Hence, it is a question of power with the corporation; and when it is ascertained that the duty is positively imposed in the charter, that the money shall be paid by the subscriber, at the time of subscribing, in order to constitute a stockholder, it is clear, that no right can be acquired or duty imposed by a violation of that provision; and to say that the corporation may waive the performance of that essential act, is to say that it may violate the law of its existence, and found a right upon it.

If such a subscription were valid to bind the subscriber, it would also be valid to entitle him to all the privileges of a stockholder. But suppose, that after the time of subscribing and before the payment of the fifty cents on each share subscribed, a dividend of profits had been declared to the stockholders; could the subscriber have claimed his dividend as a stockholder? clearly not; because he had not done that which was essential to his being a stockholder. He had merely manifested his intention to become a stockholder, but had not completed the contract according to the imperative requirements of the charter, and would not be entitled to the privileges, nor subject to the obligations of a stockholder.

It follows from this view of the case, that the defendant was not bound as a stockholder at the time stated in the declaration, and that the averment in the replication, that he paid the sum of fifty cents per share, subsequently to the time of subscribing, is a departure from the declaration, for which the demurrer should have been sustained.

The next question is, whether the subscription became valid and complete from the time of payment of the fifty cents per share, without a new act of subscription at that time; and there can be but little room for doubt upon this point.

When the money was paid, it was an affirmance of the previous act of subscription, which gave it the same effect as if the defend-

ant had again affixed his name to the subscription paper.    The payment was made with direct reference to the subscription, and was in completion of it; and for all substantial purposes, the two acts are to be. considered as having been done at the time the money was paid.    If, therefore, the declaration had contained the averments of the replication, it would have been free from exceptions, as showing a liability against the defendant from the time of the payment of the money required to be paid at the time of subscribing. But these averments are insufficient to sustain the declaration as they are here presented; and, therefore, the judgment must be reversed and the cause remanded, when the plaintiff will be able to make the necessary amendment.

It is also objected that the declaration is insufficient, in not averring the payment of the fifty cents per share at the time of subscribing, that being a condition precedent to the validity of the subscription.

The averment is, that the defendant " subscribed for twenty shares of the capital stock," &c., " *according to the statute incorporating the company*," &c.    From this averment, *taken by itself*, it would be intended that he had done every thing required by the charter in order to become a subscriber; and especially so, on general demurrer.

The judgment is reversed, and the cause is remanded for further proceedings.